```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                    :
JEANINE HOLLAND, et al.
                                    :

     v.                             :   Civil Action No. DKC 22-2473

                                    :
U-HAUL INTERNATIONAL, INC.,
et al.                              :
```

**MEMORANDUM OPINION**

This negligence and negligent entrustment case was removed on diversity grounds from the Circuit Court for Prince George's County by Defendant Tyrone Wise, with the consent of Defendants U-Haul International, Inc., U-Haul Titling, LLC, and U-Haul Company of the District of Columbia. (ECF Nos. 1, 5). Although complete diversity is lacking, Defendants argued that this court may retain subject matter jurisdiction under the so-called "fraudulent joinder" doctrine by dismissing the non-diverse Defendant from the case. (ECF No. 1, at 2). Presently pending are motions to dismiss by all three U-Haul Defendants (ECF Nos. 8, 9, 21). The issues have been briefed, and the court now rules, no hearing being necessary. Local Rule 105.6. Because the court lacks subject matter jurisdiction, the case will be remanded.

I.   **Background**

According to the Complaint, on June 15, 2022, Defendant Tyrone Wise was driving a rented U-Haul van in Capitol Heights, Maryland.

(ECF No. 3, at 3-4). At an intersection, the van struck a motorcycle driven by Vaughan Holland. Mr. Holland died in the crash. (ECF No. 3, at 3-4).

Mr. Holland's wife, Kayla Smith, and his parents, Shawn and Jeanine Holland, sued Mr. Wise and several U-Haul corporate entities in the Circuit Court for Prince George's County. (ECF No. 3, at 1). The Complaint alleges that Mr. Wise drove the van "negligently while being distracted and not otherwise paying attention to the traffic." (ECF No. 3, at 5). It also alleges that U-Haul leased the van to Mr. Wise even though it "knew or should have known that [Mr.] Wise was an unlicensed, incompetent, and/or reckless driver." (ECF No. 3, at 7). Based on these allegations, the Complaint raised claims of negligence, gross negligence, negligent entrustment, and wrongful death. (ECF No. 3, at 5-8). It also raised a "survival action" claim under Section 7-401 of the Maryland Trusts and Estates code. (ECF No. 3, at 5-9).

The Complaint named four defendants: Tyrone Wise, U-Haul International, Inc., U-Haul Titling, LLC, and U-Haul Co. of the District of Columbia ("UHDC"). (ECF No. 3, at 1).[1] U-Haul

---

[1] The case caption in the Complaint appears to contain a typographical error—it lists UHDC as "U-Haul Company of the District Company," (ECF No. 3, at 1), while UHDC's actual name according to the corporate registration record attached to the Complaint is "U-Haul Co. of District of Columbia." (ECF No. 3-1, at 5).

2

International is incorporated in Nevada and UHDC is incorporated in the District of Columbia. (ECF Nos. 3, at 2-3; 3-1, at 5-6). U-Haul Titling is an LLC and according to its corporate disclosure statement, its members are Arizona citizens. (ECF No. 17).[2] The Complaint alleges that Mr. Wise is a Maryland citizen, while Mr. Wise claims he is a citizen of Georgia. (ECF No. 1, at 2).[3] Plaintiff Kayla Smith is a citizen of the District of Columbia and Plaintiffs Shawn and Jeanine Holland are citizens of North Carolina. (ECF No. 3, at 2).[4]

---

[2] Defendants have provided inconsistent information about the citizenship of U-Haul Titling's members. In a joint response to the court's standing order, Defendants did not specifically identify U-Haul Titling's members, but they did state that the members are citizens of Arizona, Nevada, and Delaware. (ECF No. 14, at 2). U-Haul Titling later filed a corporate disclosure statement which names each of U-Haul Titling's three members and states that each member is an Arizona citizen. (ECF No. 17).

[3] If Mr. Wise is truly a Maryland citizen, removal may have been improper under the "forum defendant rule," see *Reimold v. Gokaslan*, 110 F.Supp.3d 641, 643 (D.Md. 2015), under which a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). That rule is waivable, and Plaintiffs have not moved to remand on that basis. *See Medish v. Johns Hopkins Health System Corp.*, 272 F.Supp.2d 719, 723-24 (D.Md. 2017).

[4] After the case was removed, Ariana Roland—the mother of decedent's daughter, S.H.—moved to intervene on behalf of S.H. on the ground that S.H. is "a wrongful death beneficiary pursuant to Maryland law." (ECF No. 33, at 1). Attached to that motion was a proposed intervenor complaint, which raised wrongful death claims for negligent driving and negligent entrustment. (ECF No. 33-1). Plaintiffs consented to the intervention. (ECF No. 34). The court issued a paperless order granting the motion as unopposed. (ECF No. 35). However, because the court now finds

Defendant Tyrone Wise removed the case to this court. (ECF No. 1). The U-Haul Defendants consented to removal. (ECF No. 5). In his notice of removal, Mr. Wise acknowledged that Plaintiff Kayla Smith and Defendant UHDC both are citizens of the District of Columbia. He argued, however, that under the "fraudulent joinder" doctrine, the court may still retain jurisdiction over this case because UHDC did not rent out the vehicle involved in the crash and thus Plaintiffs cannot "maintain a claim" against it. (ECF No. 1, at 2). Mr. Wise, UHDC, and U-Haul Titling then answered the Complaint. (ECF Nos. 2, 6, 7).

Noting that UHDC had answered the Complaint without moving to dismiss, the court entered a show cause order, stating in part:

> The court must determine if [UHDC] was fraudulently joined and, thus, whether it should be dismissed from the action. Otherwise, this court lacks subject matter jurisdiction. Accordingly, even though Plaintiffs have not yet moved to remand, the parties are directed to show cause . . . why this case should not be remanded to the Circuit Court for Prince George's County.

(ECF No. 11). UHDC responded to the show cause order, stating that it was not the lessor of the van involved in the crash and that it was "communicating with Plaintiffs' counsel about the

---

that it lacks subject matter jurisdiction over the case, it likewise lacked jurisdiction to grant the motion to intervene. Thus, the paperless order granting the motion will be vacated, and the motion to intervene will remain for the state court to resolve after remand.

4

proper defendant to be named" with the hope of "resolv[ing] the pleadings by agreement without the need for a ruling by the [c]ourt." (ECF No. 18). UHDC eventually filed a motion to dismiss for failure to state a claim, which similarly argued that UHDC did not rent out the van involved in the crash. (ECF No. 21-1, at 5).

Plaintiffs also filed a response to the show cause order. (ECF No. 24). In that paper, Plaintiffs explained that UHDC's show cause response and motion to dismiss "did not resolve the issues from the Plaintiffs' perspective." (ECF No. 24). Plaintiff then responded to UHDC's motion to dismiss. (ECF No. 28).[5]

**II. Analysis**

Under 28 U.S.C. § 1441, a civil action brought in state court may be removed to federal court if the action is within the scope of a federal court's original jurisdiction. One possible basis for federal court jurisdiction is diversity of citizenship. Diversity jurisdiction requires "complete diversity"—that is, no plaintiff can "be a citizen of the same state as any defendant." *Johnson v. American Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (citing 28 U.S.C. § 1332). Thus, a case involving a non-diverse

---

[5] Two other motions are pending: (1) U-Haul International's motion to dismiss for lack of personal jurisdiction, (ECF No. 8), and (2) a motion to dismiss exemplary damages filed by all three U-Haul Defendants, (ECF No. 9). Those motions will remain for the state court to resolve after remand.

defendant generally cannot properly be removed on diversity grounds.  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

The "fraudulent joinder doctrine" provides an exception to this general rule.  Under that doctrine, a federal court may in certain cases temporarily "disregard" the non-diverse defendant's citizenship, dismiss that defendant from the case, and "thereby retain jurisdiction" to proceed.  *Id.*  The doctrine applies only when the party alleging fraudulent joinder shows either: (1) that "there is no possibility that the plaintiff would be able to establish a cause of action against the [non-diverse] defendant in state court," or (2) that "there has been outright fraud in the plaintiff's pleading of jurisdictional facts."  *Id.* at 464 (internal quotation marks omitted).[6]

Defendants do not assert "outright fraud"; rather, they argue that Plaintiffs cannot possibly state a claim against UHDC.  To succeed under that theory, Defendants must meet a "heavy burden"— they must "negate all possibility of recovery" against UHDC.  *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424-25 (4th Cir. 1999).  As long as there is a "glimmer of hope" that a plaintiff "has a slight possibility of a right to relief" against a non-diverse defendant, then remand is required.  *Id.* at 426.  In deciding

---

[6] Fraudulent joinder is a term of art and is "a bit misleading" because "the doctrine requires neither a showing of fraud . . . nor joinder."  *Mayes*, 198 F.3d at 461 n.8.

whether a defendant has met that burden, a court "is not bound by the allegations of the pleadings, but may instead consider the entire record[] and determine the basis of joinder by any means available." *Mayes*, 198 F.3d at 464 (internal quotation marks omitted). It must also resolve "all issues of law and fact in the plaintiff's favor," and any "doubt[] about the propriety of removal" must be resolved "in favor of retained state court jurisdiction." *Hartley*, 187 F.3d at 424-25 (internal quotation marks omitted).[7]

Plaintiffs' primary claim against UHDC is "negligent entrustment"—they allege that UHDC rented a van to Mr. Wise even though it knew or should have known that he was a reckless or dangerous driver. Under the tort of negligent entrustment in Maryland:

---

[7] The parties' papers do not state the proper standards of review for removal based on fraudulent joinder. Instead, they seem to assert that the court should decide this matter using standards of review that apply to motions to dismiss under Fed.R.Civ.P. 12(b)(6). (ECF Nos. 21-1, at 3-5; 28, at 4-5). Because fraudulent joinder permits dismissal only "for jurisdictional purposes," the issue involves unique standards of review that are different from those that govern 12(b)(6) motions. *Johnson*, 781 F.3d at 704 (internal quotation marks omitted). While a court ruling on a 12(b)(6) motion usually is limited to the pleadings and must construe only factual allegations in the plaintiff's favor, a court deciding fraudulent joinder may consider *the entire record* and must construe the facts *and the law* in the plaintiff's favor. *Id.* The United States Court of Appeals for the Fourth Circuit has described this standard as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Hartley*, 187 F.3d at 424.

7

> One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Broadwater v. Dorsey*, 344 Md. 548, 554 (1997) (quoting Restatement (Second) of Torts § 390 (1965)).

Applying those principles, the Appellate Court of Maryland many years ago found that a U-Haul corporate entity can be liable for negligent entrustment when its "agents or employees" rent a vehicle to a customer while they know or have reason to know that the customer "would be likely to use the [vehicle] in a manner involving unreasonable risk of physical harm." *U-Haul Co. v. Rutherford*, 10 Md.App. 373, 380 (1970) (internal quotation marks omitted). Thus, for Defendants to invoke fraudulent joinder successfully, they must negate any possibility that UHDC's agents or employees were involved in the decision to rent to Mr. Wise with knowledge that Mr. Wise's use of the van could pose an unreasonable risk of physical harm.

Defendants have not met that burden. Their only argument is that UHDC neither owned the van involved in the crash nor rented that van to Mr. Wise. Rather, they allege that Mr. Wise rented the van from a different U-Haul corporate entity: U-Haul Co. of

8

Maryland, Inc. ("UHMD"). (ECF No. 21-1, at 5). However, the record is not clear about which corporate entities were involved in Mr. Wise's rental. Defendants rely heavily on the rental contract, which states that Mr. Wise rented the van from a "U-Haul Moving & Storage" location in Capitol Heights, Maryland. (ECF No. 3-1, at 9). But as Plaintiffs rightly note, that location is just outside of Washington, D.C. and within the D.C. metro area. (ECF No. 28, at 7). Thus, the mere fact that the rental occurred in Maryland does not foreclose UHDC's involvement.

Beyond that, the contract does not actually state which corporate entity is the van's lessor. The contract is signed by someone named "Minyon Lee," who is identified only as the "U-Haul Signature." (ECF No. 3-1, at 9). There is nothing in the record to clarify whether this signor works for UHDC, UHMD, both, or neither. If Minyon Lee is the U-Haul employee who made the allegedly tortious decision to rent the van to Mr. Wise, it is impossible from the record to discern the corporate entity to which that tortious act is attributable. Indeed, the contract mentions UHMD only once: Near the bottom, it states that Mr. Wise is "fully responsible to U-Haul Co. of MD, or their affiliated U-Haul entities and agents, for all charges relating to the rental." (ECF No. 3-1, at 9). That statement suggests that UHMD was involved in the rental, but it does not foreclose involvement by other "affiliated U-Haul entities"—including UHDC.

9

Moreover, other evidence suggests that UHDC *was* involved in Mr. Wise's rental. After the crash—but before the Complaint was filed—Plaintiffs Shawn and Jeanine Holland (the decedent's parents) received a letter offering condolences from someone who purported to be the president of "U-Haul Company of Metro DC." (ECF No. 32-3). UHMD and UHDC have apparently both used "U-Haul Company of Metro DC" as a trade name.[8] However, UHMD forfeited the name by October 2020, nearly two years before the letter was sent. (ECF No. 32-2). And there is nothing in the record to suggest that any entity besides UHDC was using that name at the time Plaintiffs received the letter. The return address at the top of the letter is the corporate address for UHDC—*not* UHMD.[9] That a condolence letter using UHDC's trade name and listing UHDC's address was sent to the decedent's parents soon after the crash

---

[8] In its papers, UHDC repeatedly refers to itself as "Defendant, U-Haul Company of the District of Columbia Inc., t/a U-Haul Company of Metro DC." (ECF Nos. 7, at 1; 21-1, at 1). Meanwhile, UHMD registered the same trade name with the Maryland state government in 2015. (ECF No. 26-4). Plaintiffs filed UHMD's trade name registration document as an attachment to its response to U-Haul International's motion to dismiss for lack of personal jurisdiction, and in deciding fraudulent joinder, the court may "consider the entire record[] and determine the basis of joinder by any means available." *Mayes*, 198 F.3d at 464 (internal quotation marks omitted).

[9] The address at the top of the letter is 1501 S. Capitol St. SW, Washington, D.C., 20003. (ECF No. 32-3). UHDC's corporate registration document lists the same address, (ECF No. 3-1, at 6), while UHMD appears to operate from an address in Maryland, (ECF No. 32-2).

10

suggests that UHDC may be more involved than Defendants currently assert.

At a minimum, the record suggests that UHDC and UHMD may work together. Both entities have in the past operated under the trade name "U-Haul Company of Metro DC," suggesting that they may collaborate on business activities in the D.C. metro area. Similarly, the letter to Plaintiffs offered condolences "on behalf of our U-Haul Team and families in Metro DC." (ECF No. 32-3). It is possible that UHDC and UHMD are *both* part of the "team" mentioned in that letter. If so, UHDC may help service the Capitol Heights location at which Mr. Wise rented the van or may otherwise have some business involvement with that location. That would explain why the rental contract mentioned not only UHMD but also its "affiliated U-Haul entities." (ECF No. 3, at 9). The apparent entwinement between the two entities—and the uncertainty about which entity rented out the van—precludes a finding that Plaintiffs have absolutely no chance of stating a claim against UHDC.

Finally, Defendants submitted an affidavit from someone who purported to be UHDC's "Assistant Secretary." (ECF No. 30, at 2). That affidavit alleges that "UHDC does not own, inspect, maintain or service" the van involved in the crash and states that Mr. Wise rented the van through a "Contract with U-Haul Co. of Maryland, Inc." (ECF No. 30, at 1-2). But UHDC need not own, inspect, maintain, or service the van to be liable for negligent

11

entrustment.  Rather, it need only have an employee or agent who was involved in the rental with knowledge that Mr. Wise could pose an unreasonable risk.  *See, e.g.*, *Rutherford*, 10 Md.App. at 380.  And the fact that UHDC's Assistant Secretary purports to be certain that UHMD rented out the van—despite the rental contract itself not expressly saying so—suggests further entanglement between the entities.  Thus, far from clarifying UHDC's involvement, the affidavit serves to muddle UHDC's relationship with UHMD.

All told, Defendants have failed to "negate all possibility" that Plaintiffs may state a claim against UHDC, and at least a "glimmer of hope" remains that Plaintiffs can do so.  *Hartley*, 187 F.3d at 425-426.  Thus, UHDC's motion to dismiss will be denied.  And because this court lacks diversity jurisdiction, the case will be remanded to the Circuit Court for Prince George's County.  A separate order will follow.[10]

                                                             /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge

---

[10] Plaintiffs have not moved to remand this case, despite previously stating that they would do so.  (ECF No. 24).  However, subject matter jurisdiction "cannot be conferred by consent," and the court "has an obligation to act *sua sponte* with regard to the propriety of such jurisdiction." *Crawford v. Mokhtari*, 842 F.Supp. 840, 842-843 (D.Md. 1994) (citing *Sosna v. Iowa*, 419 U.S. 393 (1975)).  Thus, when a removal is "defective because of lack of subject-matter jurisdiction," the court may remand "without such a motion and at any time." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392 (1998); *see also* 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks jurisdiction, the case shall be remanded.")